In re the DUPLAN CORPORATION, Debtor.

CHEMICAL BANK, the First National Bank of Chicago, North Carolina National Bank and Security Pacific National Bank, Plaintiffs,

v.

Alfred P. SLANER, as Trustee in Reorganization of the Duplan Corporation, Debtor, Defendant,

and

United States Trust Company of New York, Successor Indenture Trustee under Indenture Dated 2/1/63 for the 5½% Convertible Subordinated Debentures of the Duplan Corporation, Counterclaimant.

No. 76 B 1967 (KTD).

United States District Court, S. D. New York.

Jan. 16, 1978.

See also, D.C., 444 F.Supp. 950.

Zalkin, Rodin & Goodman, New York City, for plaintiffs; Richard S. Toder, Andrew D. Gottfried, New York City, of counsel.

Shea, Gould, Climenko & Casey, New York City, for defendant; William A. Hagan, Jr., Philip R. Mann, New York City, of counsel.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for counterclaimant; John P. Campbell, Stephen K. Bone, Robert G. Zack, Thomas D. Rodriquez, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

On August 31, 1976 the Duplan Corporation (Duplan) filed a petition under Chapter XI of the Bankruptcy Act (the Act). Thereafter, on October 5, 1976, the Bankruptcy Judge entered an order directing that the case proceed under Chapter X of the Act, and on October 6, 1976 I appointed Alfred Slaner as Trustee in Reorganization of Duplan. The instant action is one of several adversary proceedings filed against the Trustee. In this action, plaintiffs seek to establish a valid perfected security interest in certain of Duplan's assets.

Plaintiffs have moved to dismiss paragraphs 8(b)(iv) of the Trustee's Second Defense and First Counterclaim against plaintiffs and the Trustee's Seventeenth Counterclaim against plaintiff Chemical Bank (Chemical) for failure to state a claim upon which relief can be granted. It appears that Chemical and Duplan entered into an indenture on February 1, 1969 pursuant to which Duplan issued certain debentures. Chemical apparently served as Indenture Trustee under the indenture until its resignation as of April 28, 1976. The defenses and counterclaims sought to be dismissed relate to Chemical's conduct while Indenture Trustee.

Paragraph 8(b)(iv) of the Trustee's Second Defense and First Counterclaim states as follows:

8. By reason of their control of Duplan's finances and the presence of their representative on Duplan's Board of Directors, the Bank dominated the affairs

of Duplan to their own benefit and to the detriment of other creditors of Duplan in that:

\* \* \* \* \* \*

(b) they delayed the filing of a petition instituting a bankruptcy case (or a Chapter proceeding), which the Banks knew to be necessary, so as to avoid the consequences which a timely petition would have caused to said Banks by:

\* \* \* \* \* \*

(iv) Chemical, prior to its resignation as Indenture Trustee as of April 28, 1976, disregarding its duties under the Indenture dated February 1, 1969 (the "Indenture"), between Duplan and Chemical, as Trustee (under which Duplan's 5½% Convertible Subordinated Debentures ("debentures") were issued) and the Trust Indenture Act of 1939 and failing to notify holders of debentures of the defaults under the Credit Agreement and the actual insolvency of Duplan, thereby continuing a market in debentures for unsuspecting purchasers as well as failing to disseminate information which might have resulted in a bankruptcy petition being filed against Duplan; . . .

Plaintiffs contend that this portion of the Trustee's Second Defense and First Counterclaim must fail because *Caplin v. Marine Midland Grace Trust Company of New York,* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972) holds that the Trustee lacks standing to assert a claim on behalf of the debenture holders, based upon the alleged failure of the Indenture Trustee to perform his duties.

However, it does not appear that paragraph 8(b)(iv) asserts the type of claim found in *Caplin.* In *Caplin,* the Trustee of a corporation in reorganization proceedings under Chapter X of the Bankruptcy Act filed an action on behalf of the corporation's debenture holders against the Indenture Trustee, seeking to recover damages in the principal amount of the outstanding debentures for the Indenture Trustee's purported misconduct. The Trustee additionally filed, on the same grounds, a counterclaim for damages and an objection to the Indenture Trustee's claim for services rendered filed in the reorganization proceeding, and moved to compel an accounting by the Indenture Trustee. The Supreme Court examined the nature of Chapter X proceedings, the role of the reorganization trustee and the difficulties with allowing such claims by the trustee, and concluded that a reorganization trustee lacks standing to sue an indenture trustee on behalf of debenture holders, thus affirming the Court of Appeals' decision affirming the District Court's grant of the Indenture Trustee's motions to dismiss the Trustee's independent action and counterclaim asserted in the Chapter X proceeding, and denial of the Trustee's motion to compel an accounting. Only the Trustee's objection to the claim for services rendered remained; the Court of Appeals had affirmed the District Court's denial of the motion to strike that objection, and the Supreme Court did not reach the propriety of that ruling, although it did note that

> This objection differs from the other claims in one respect; *i. e.,* it is an attempt to preserve the remaining assets of the debtor for all creditors other than [the Indenture Trustee], whereas the other claims represent an attempt by the [Trustee] to increase the assets of the debtor for the benefit of a specific class of creditors, the debenture holders. 406 U.S. at 421 n.12, 92 S.Ct. at 1681.

■ In the instant case, paragraph 8(b)(iv) is asserted merely as one of four purported examples of one of three alleged means by which plaintiffs are claimed to have improperly dominated the affairs of Duplan so as to cause subordination of Duplan's obligations owed plaintiffs to other of Duplan's indebtedness.[1] The legal suffi-

---

1. The Second Defense and First Counterclaim asserted by the Trustee reads as follows in its entirety:

    SECOND DEFENSE AND FIRST
    COUNTERCLAIM AGAINST BANKS

7. At all times since at least March 1, 1975, Duplan was in virtual default under the Credit Agreement.

8. By reason of their control of Duplan's finances and the presence of their representa-

ciency of the balance of the Second Defense and First Counterclaim to which it relates—that plaintiffs improperly dominated Duplan's affairs by, *inter alia,* knowingly delaying the necessary filing of a bankruptcy petition—is undisputed. The issue presented, then, is not whether the Trustee can assert a claim on behalf of the debenture holders for the Indenture Trustee's purported misconduct, but rather whether the Trustee is precluded from asserting such misconduct as proof of the concededly sufficient defense and claim of delay and domination. In so doing, the Trustee is clearly seeking not "to increase the assets of the debtor for the benefit of a specific class of creditors, the debenture holders." *Caplin v. Marine Midland Grace Trust Co., supra,* at 421 n.12, 92 S.Ct. at 1681. He is instead attempting to require subordination of plaintiffs' claims to those of other creditors, thus initially "preserv[ing] the remaining assets of [Duplan] for all creditors other than [plaintiffs]." *Id.* It would appear that, in this context, the Trustee has standing to plead the allegations of paragraph 8(b)(iv) in support of his position.[2]

The Trustee's Seventeenth Counterclaim against Chemical presents a different situation. It is brought under Section 212 of the Bankruptcy Act, 11 U.S.C. § 612, and adopts the allegations of the Trustee's Second Defense and First Counterclaim. It additionally asserts that the transfers of collateral to plaintiffs were fraudulent and that Chemical acted unconscionably in attempting to obtain a security interest in certain property which was beyond the scope of agreed-upon collateral. It seeks to require Chemical to render an accounting for its actions as Indenture Trustee and to hold any property validly transferred to it from Duplan for the benefit of the debenture holders. Plaintiffs dispute the applicability of Section 212 to compel this accounting, and maintain that the Trustee lacks standing by virtue of *Caplin* to assert this claim.

Turning to the *Caplin* issue first, the Trustee contends that this counterclaim is distinguishable from the situation therein presented since in *Caplin* the Trustee sought to assert a claim unrelated to the reorganization, whereas, here, recovery of

---

tive on Duplan's Board of Directors, the Banks dominated the affairs of Duplan to their own benefit and to the detriment of other creditors of Duplan in that:

(a) they prevented Duplan from properly writing down assets, thereby giving the appearance of solvency to Duplan's creditors who continued to extend credit, while at the same time compelling Duplan to secure the Banks' indebtedness;

(b) they delayed the filing of a petition instituting a bankruptcy case (or a Chapter proceeding), which the Banks knew to be necessary, so as to avoid the consequences which a timely petition would have caused to said Banks by:

(i) waiving defaults under the Credit Agreement (by amendment or otherwise);

(ii) acquiescing in, or directing, the payment by Duplan on August 4, 1976 of principal and interest to a holder of Duplan's 6% subordinated note;

(iii) requiring Duplan to commence and continue discussions with a potential acquirer of Duplan; and

(iv) Chemical, prior to its resignation as Indenture Trustee as of April 28, 1976, disre-

garding its duties under the Indenture dated February 1, 1969 (the "Indenture"), between Duplan and Chemical, as Trustee (under which Duplan and Chemical, as Trustee (under which Duplan's 5½% Convertible Subordinated Debentures ("debentures") were issued) and the Trust Indenture Act of 1939 and failing to notify holders of debentures of the defaults under the Credit Agreement and the actual insolvency of Duplan, thereby continuing a market in debentures for unsuspecting purchasers as well as failing to disseminate information which might have resulted in a bankruptcy petition being filed against Duplan; and

(c) they acquiesced in, or directed, the repurchase by Duplan of certain shares of its stock while Duplan was insolvent.

9. The Duplan Liabilities (as that term is defined in paragraph 8 of the complaint) should be subordinated to all other indebtedness of Duplan.

2. This opinion deals only with the issue of the Trustee's standing to assert the Indenture Trustee's misconduct in proof of his claim; whether such misconduct is relevant to proving the claim is an issue not before me, and is, consequently, not one upon which I am passing.

Duplan's own property is in issue. *See Caplin v. Marine Midland Grace Trust Co. of New York*, 439 F.2d 118 (2d Cir. 1971), *aff'd* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972); *In re Solar Mfg. Corp.*, 200 F.2d 327, 332 (3d Cir. 1952), *cert. denied sub nom. Marine Midland Trust Co. v. McGirl*, 345 U.S. 940, 73 S.Ct. 831, 97 L.Ed. 1366 (1953); *Clarke v. Chase National Bank*, 137 F.2d 797(800) (2d Cir. 1943). This argument must fail since an analysis of the counterclaim reveals that although the fraudulent transfer of Duplan's property is recited, avoidance of that transfer and recovery of the property as property properly belonging to the debtor is not sought. Instead, the Seventeenth Counterclaim seeks to require Chemical to account for its actions as Indenture Trustee, to have this Court determine the validity of the transfers, and to compel Chemical to hold such property determined to be validly transferred for the benefit of the debenture holders. This is made express in the following allegation of the Seventeenth Counterclaim:

67. To the extent that this Court determines the transfers of collateral valid, Chemical should be required to hold any property received by it thereby for the benefit of the holders of debentures[,]

as well as in paragraph 11 of the Trustee's *ad damnum* clause seeking judgment "against Chemical requiring Chemical to hold any property received by it by reason of the Collateral (to the extent found valid by this Court) for the benefit of debentures . . . ." Indeed, the Trustee has sought in separate counterclaims not here in issue to affirmatively void the transfers of collateral. Thus, the Trustee's attempt to distinguish *Caplin* is unavailing.

Nor does the fact that the Trustee has sought an accounting, rather than damages, require a different result so long as the counterclaim is asserted on behalf of this third-party class of creditors. *See Caplin v. Marine Midland Grace Trust Co. of New York*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972); *cf. In re Solar Mfg. Corp., supra*.

The plaintiffs have additionally disputed the applicability of Section 212 to compel the accounting sought; the Trustee argues that, notwithstanding *Caplin*, this Section authorizes the assertion of the Seventeenth Counterclaim. Section 212 gives the court power to

"examine and disregard any provision of a . . . trust indenture . . . by the terms of which an . . . indenture trustee . . . . purports to represent any creditor . . . [and to] enforce an accounting thereunder . . ."

While I need not reach Chemical's contention that this Section is inapplicable because Chemical has brought this action as an individual creditor and not in a representative capacity, I do note that invocation of this section does not aid the Trustee. As the Second Circuit recognized in *Caplin, supra*,

. . . this [section] does not authorize the court to require an "accounting" by an indenture trustee when there is no claim that he holds property belonging to the debtor or any security holder, or has mishandled any such property in the past.

439 F.2d at 124. The Trustee's Seventeenth Counterclaim essentially alleges that Chemical should be charged with holding property validly transferred by Duplan for the benefit of the debenture holders. Their counterclaim thus, in essence, contains no claim that Chemical, as Indenture Trustee, presently holds or has mismanaged property of Duplan, but rather that it holds or has mismanaged property of the debenture holders.

Accordingly, the Trustee lacks standing to assert this claim and thus, the motion to dismiss the Trustee's Seventeenth Counterclaim is granted. This result is particularly appropriate where, as here, the rights of the debenture holders will not be prejudiced since the successor Indenture Trustee has appeared in this action and has asserted substantially the same counterclaim against Chemical.

Plaintiffs' motion is denied insofar as it seeks dismissal of paragraph 8(b)(iv) of the Trustee's Second Defense and First Coun-

terclaim; it is granted insofar as dismissed of the Trustee's Seventeenth Counterclaim is sought.

SO ORDERED.